## R. W. CLARK MFG. CO. v. TABLET & TICKET CO.

(Circuit Court of Appeals, Seventh Circuit. March 25, 1927.)

### No. 3740.

Patents ⊙⟹328—No. 1,207,711, for changeable signboard, held void for want of patentable novelty.

Clark patent, No. 1,207,711, for changeable signboard, *held* void for want of patentable novelty.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by the R. W. Clark Manufacturing Company against the Tablet & Ticket Company. Decree for defendant, and plaintiff appeals. Affirmed.

Arthur A. Olson, of Chicago, Ill., for appellant.

Clarence E. Mehlhope, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The patent in suit, No. 1,207,711, covers a "changeable signboard," and relates, so the specifications say, to "the particular manner in which the letters or other characters are constructed, so that each will act as a spring to bind against the surface of the board and thus be securely held in position." The single claim reads as follows:

"In changeable sign characters adapted to be used with a board having grooves comprising characters, the characters being constructed of springy material, a tongue formed at one end only of each of the characters and adapted to removably fit into one of said grooves, *said tongue being inclined at an acute angle with the character,* whereby, when the tongue is pressed into a groove, the springiness of the character will cause it to bind against the surface of the board to retain it in position, substantially as described."

Fig. 4 of the the drawings of the patent is here reproduced.

Appellee relied upon invalidity and noninfringement for its defenses and prevailed in the District Court. To support its defense of invalidity proof in the way of—(a) prior public use; (b) prior art as illustrated by patent; (c) lack of patentable novelty was presented. Respecting prior public use, the evidence was conflicting. Plaintiff

insists that it was insufficient in its quantum, and lacking in persuasive character to justify the court in finding for appellee thereon.

A study of the testimony of the witnesses who supported defendant's position on this issue convinces us that the court's conclusion is sustained by evidence. The absence of documentary evidence or .book records confirming the oral testimony of the plaintiff was not necessarily fatal to the establishment of this defense. The gist of this invention lies in the italicized portion of the claim describing the tongue, and it is not readily apparent how appellee would have preserved documentary evidence of this feature of its letter characters in its so-called prior public use.

(b) The prior art at least limited and restricted Clark in his invention, if it did not fully anticipate him. There are numerous patents disclosing changeable sign characters adapted to be used upon a board having grooves; such sign characters being constructed of springy material and provided with a tongue formed at one end or at both ends of the character, and adapted to removably fit into the grooves of the board. Whether Grant, in his patent (No. 1,163,-750), did not disclose a tongue inclined at an acute angle, is a question involved in some doubt. One of the drawings, at least, discloses such a tongue.

(c) But if we accept appellant's urge that there is nothing in the specifications of these prior patents which refers to a tongue constructed *at an acute angle* to the letters as sufficient to preclude their complete anticipation of this claim, we are confronted with the question of patentable novelty in view of this prior art. For, accepting as the well-established art when Clark entered the field that which was abundantly established, namely, "changeable sign characters adapted to be used with a board having grooves, the characters being constructed of springy material, and supplied with a tongue at one or at both ends," there is little to stamp the addition of a tongue forming an acute angle to the letter character, as an act of inventive genius. It seems to us, as it no doubt appeared to Judge Carpenter, that, once the user found the sign characters were too easily removed from the grooves, he would have bent the tongue so as to have given it a gripping or adhering tendency when inserted in the groove.

True, appellant has the advantage of the presumption which the patent grant created, and this presumption may be somewhat strengthened by the use which followed the

appearance of these letter characters (though it is questionable whether increased use was the result of the angle at which the tongue was placed); nevertheless, upon the entire record we conclude the claim is void for want of patentable novelty.

The decree is affirmed.